## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Paramount Termite

     v.

Kiehna

June 2, 1988

*Case No. C-88-107*

By JUDGE WILLIAM H. LEDBETTER, JR.

Paramount Termite filed a bill of complaint on March 16, 1988, seeking injunctive relief on account of alleged violations of anticompetition covenants in its employment contract with Kiehna. Kiehna's responsive pleading, inter alia, denies the enforceability of the covenants.

A hearing was conducted on April 18, 1988, on Paramount Termite's motion for a temporary restraining order. The complainant presented two witnesses. The contract which gives rise to this controversy, dated October 2, 1984, is a stipulated exhibit.

After the hearing, counsel filed memoranda in support of their respective positions. This opinion addresses the complainant's application for a temporary restraining order.

(The complainant's motion does not contain the word "temporary." However, it is clear that the relief sought is temporary or interlocutory in nature, pending a final determination of the merits of the claim, and that the hearing of April 18th was not envisioned as a final adjudicatory hearing. Therefore, the terms "injunction" and "temporary restraining order" are used interchangeably in this opinion.)

The contract, admittedly signed by both parties, contains express anticompetition ("no-compete") covenants. Paragraph 3 prohibits Kiehna from engaging in the business of termite control, either for himself or others, in any counties where he was assigned for a period of two years from date of termination of employment.

At early common law covenants not to compete were void as against public policy. In those days a person could not pursue a trade to which he had not been fully apprenticed. Once so admitted to a trade, a covenant not to exercise such trade, particularly in a relatively non-mobile society, would effectively deny him the right to earn a living and make him a public charge. The rule continued for more than two centuries. 54 Am. Jur. 2d, *Monopolies* § 511.

Through a succession of decisions, the rule has been substantially modified so that today a covenant not to compete, though basically in restraint of trade and against free competition, will be enforced if supported by consideration and ancillary to certain types of lawful contracts, if the covenant is reasonable under multifaceted tests fashioned by the courts.

Therefore, the contract in question is not per se, or facially, invalid. If the fundamental elements of a contract of this sort are established, and if the anticompetition covenants pass muster under the reasonableness tests referred to above, the covenants will be enforced; and an appropriate enforcement mechanism is the injunction.

However, such covenants, which obviously tend to restrain trade and free competition, are not favored. The party seeking to enforce such covenants has the burden of showing that all prerequisites of validity have been met and that the terms of the contracts comply with the reasonableness tests.

For instance, in order for there to be an enforceable covenant not to compete, there must be adequate consideration to support the covenant. Where the covenant is attached to an employment contract, the employer's agreement to hire the employee is sufficient consideration to support the employee's promise not to compete upon termination of the employment. On the other hand, if the promise was not made as a part of the initial agreement establishing the employment relationship, the courts are split on the

enforceability of the promise, especially where the employee has not received any corresponding change in status or compensation for entering into such an anticompetition covenant. The majority view appears to be that such a covenant entered into after the inception of employment is supported by consideration if the parties subsequently perform, i.e., the employee remains in the employment of the employer and receives compensation normally attributable to the relationship. *See, e.g.,* 15 *Univ. of Rich. L. Rev.* 105, esp. 111-116 (1980); 54 Am. Jur. 2d, *Monopolies* sect. 550.

Here, based on the brief testimony adduced at the April 18th hearing on the complainant's motion, the evidence is in conflict and this key issue is not fully developed. The document, although labelled "Employment Agreement," contains no terms of employment other than the anticompetition covenants themselves and a few related provisions. The complaint alleges that the covenants were executed "as a condition of [Kiehna's] employment," but Kiehna claimed in his testimony that he moved to Fredericksburg and began his employment with Paramount Termite at least a week earlier, without knowledge of the requirement of an anticompetition covenant.

Thus, if the document in question was signed as a part of the initial employment arrangement, what were the terms of employment that supported the covenants not to compete upon termination of employment? Or, if the document in question was not a part of the employment relationship from inception, what is the consideration for the covenant?

Next, there is the issue of reasonableness, which must be decided on an ad hoc basis using a three-part test fashioned in *Worrie v. Boze,* 191 Va. 916 (1951); *Meissel v. Finley,* 198 Va. 577 (1956); and *Foti v. Cook,* 220 Va. 800 (1980).

The duration of these post-employment covenants is not unlimited. The duration is two years. On its face, such a period is not unreasonable. *See Meissel v. Finley, supra* (five years); *National Homes Corp. v. Lester Industries, Inc.,* 404 F.2d 225 (4th Cir. 1968) (ten years); Annot., 41 A.L.R.2d 15 (1955).

The territorial extent of the restraint is not facially unreasonable. At the April 18th hearing, Paramount Termite's

witness testified that Kiehna had worked in Fredericksburg, and in the counties of Spotsylvania, Stafford, King George, Caroline, Orange, Culpeper, Louisa, Madison, and Hanover. However, the respondent argues that this nine-county area is unreasonably broad and is not co-extensive with the legitimate interests of the employer, and, further, that the language of the covenants does not limit the restraint to a nine-county area.

Again, the evidence presented at the hearing does not fully develop this issue. Apparently, Paramount Termite has offices from Baltimore to Virginia Beach, including the Fredericksburg area branch office for which Kiehna worked. Is the area sought to be protected directly related to the scope of the complainant's operations? Are the territorial limits of the covenant "practically co-extensive with the business" of the employer? (*See Meissel v. Finley, supra.*)

Next, the reasonableness of the covenants must be measured against the business activities of the employer. The restraint cannot be overly broad and cannot encompass all sorts of activities in which the employer is not engaged. Stated differently, in order to be reasonable, and thereby enforceable, the scope of anticompetition covenants must be no greater than necessary to protect the employer in its legitimate business interest. *See Richardson v. Paxton Company*, 203 Va. 790 (1962). This issue cannot be resolved from a reading of the covenants and arguments of counsel.

Finally, the parties are at odds as to whether the employer in this case has a legitimate business interest which needs protection of such a covenant. Kiehna points out that he acquired no unique or special skills or knowledge at the expense of Paramount Termite. On the other hand, the courts uphold covenants of this nature, if otherwise reasonable, against salesmen and other non-executive personnel, unless the circumstances would make enforcement unduly oppressive and harsh.

In summary, this contract, the validity of which is vigorously contested as regards the facts and circumstances of its execution, and its reasonableness, cannot be enforced or invalidated in summary fashion. Because there are so many aspects of these anticompetition covenants which must be thoroughly litigated in an evidentiary

hearing, the merits of the claim are in doubt. The pleadings, the contract itself, and the brief hearing of April 18th, do not provide a fair basis upon which the court can make the determinations necessary to enjoin the respondent at this point in the litigation.

These considerations, combined with the obvious hardship which such interlocutory relief would impose upon the respondent, compel the court to deny Paramount Termite's motion for a temporary restraining order or other injunctive relief pending a full evidentiary hearing.

This ruling addresses only the complainant's motion for interlocutory relief, and is not to be construed as a commentary regarding the merits of the case. The merits have not been fully developed by the evidence and, accordingly, the court expresses no opinion with respect to the ultimate outcome. The fact that the Fairfax County Circuit Court found an identical restraint unreasonable is not particularly persuasive since no record of the evidence adduced in that case, now on appeal, has been provided to this court, and reasonableness of such covenants is, in each case, dependent upon the facts and circumstances shown by the evidence.

Mr. Cunningham will please prepare, circulate and present a sketch order denying the interlocutory injunctive relief sought by the complainant, making reference to this opinion.

A decree of reference should be promptly prepared and presented, or, if counsel prefer, the court can hear this matter ore tenus on July 25th or August 12th at 10:00 a.m.